UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADISON LEVIN,<br><br>             Plaintiff,<br><br>     v.<br><br>JOMASHOP, INC.,<br><br>             Defendant. | Case No. 2:25-cv-02523-FLA (Ex)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** |

    Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

    The Class Action Fairness Act ("CAFA") vests original jurisdiction in district courts over a purported class action if all the following requirements are met: (1) the amount in controversy exceeds $5,000,000; (2) at least one putative class member is a

1

citizen of a state different from any defendant; and (3) the putative class exceeds 100 members. 28 U.S.C. § 1332(d)(2), (5).

A complaint filed in federal court must contain "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Where a party contests or the court questions another party's allegations concerning the amount in controversy, both sides shall submit proof and the court must decide whether the party asserting jurisdiction has proven the amount in controversy by a preponderance of the evidence. *Id.* at 88–89; *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

This procedure applies equally to the amount in controversy requirement in CAFA actions. *See Ibarra v. Manheim Invs. Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("When plaintiffs … have prepared a complaint that does not assert the amount in controversy, or that affirmatively states that the amount in controversy does not exceed $5 million, if a defendant wants to pursue a federal forum under CAFA, that defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5 million … and to persuade the court that the estimate of damages in controversy is a reasonable one."). "Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the … theory of damages exposure." *Id.* As a result, the party asserting jurisdiction in CAFA actions bears the burden to put forward allegations and sufficient evidence that the amount in controversy exceeds $5 million.

The court has reviewed the Complaint in this action and is presently unable to conclude it has subject matter jurisdiction under CAFA. In particular, and without limitation, the court finds that the allegations in the Complaint do not demonstrate by a preponderance of the evidence that the amount in controversy exceeds $5 million.

1  Accordingly, the parties are ORDERED TO SHOW CAUSE, in writing only,
2  within fourteen (14) days from the date of this Order, why this action should not be
3  dismissed for lack of subject matter jurisdiction.  The parties are encouraged to submit
4  evidence and/or judicially noticeable facts in response to the court's Order.
5  Responses shall be limited to ten (10) pages in length.  The parties should consider
6  this Order to be a two-pronged inquiry into the facial and factual sufficiency of
7  Plaintiff's demonstration of jurisdiction.  *See Leite v. Crane Co.*, 749 F.3d 1117, 1122
8  (9th Cir. 2014).
9  As Plaintiff is the party asserting federal jurisdiction, Plaintiff's failure to
10  respond timely and fully to this Order shall result in dismissal of the action without
11  further notice.

13  IT IS SO ORDERED.

15  Dated: May 22, 2025

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge